| | |
|---|---|
| ADAM MICHAEL STARKEY, CDCR #AP1832,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD HERNANDEZ; CALIFORNIA DEP'T OF CORRECTIONS; CENTINELA STATE PRISON<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-1158-JLS-KSC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON NAMED DEFENDANTS**<br><br>(ECF No. 3) |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Adam Michael Starkey ("Plaintiff"), currently incarcerated at Centinela State Prison ("CSP") located in Imperial, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, (ECF No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP"), (ECF No. 3). Plaintiff claims Defendant Hernandez violated his constitutional rights by retaliating against him for filing a grievance and using excessive force against Plaintiff. (ECF No. 1 at 2–4.) Plaintiff seeks general, compensatory, and punitive damages. (*Id.* at 5–6.)

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2.; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff has zero available balance in his inmate trust account. Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because it appears Plaintiff is unable to pay. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion, (ECF No. 3), declines to "exact" any initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. *Standard of Review*

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to promptly review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program . . . ." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en

banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Additionally, although the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Defendants California Department of Corrections and CSP

The Court finds that to the extent Plaintiff names the California Department of Corrections and CSP as Defendants in this action, those corresponding claims must be dismissed *sua sponte* for failing to state a claim and for seeking damages against defendants

who are immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983)). In addition, to the extent that plaintiff seeks to sue the State of California itself for monetary damages, his claims are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, the claims against Defendants California Department of Corrections and CSP are dismissed from this action for failing to state a claim and for seeking monetary damages against immune defendants.

### C. *Remaining Defendant*

As to the remaining Defendant, Edward Hernandez, the Court finds Plaintiff's Complaint contains claims which survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Specifically, the Ninth Circuit has established the following elements for a "viable" prisoner retaliation claim:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). And in the present case, Plaintiff alleges that Mr. "Hernandez . . . held the rank of Correctional Counselor" during the period relevant to Plaintiff's Complaint, (ECF No. 1, at 2), and that during that time Mr. Hernandez allegedly "verbally threatened [Plaintiff] with physical

5

3:17-cv-1158-JLS-KSC

assault several times[,]" (*id.*), summoned Plaintiff to his office and "threaten[ed] [Plaintiff] to drop the [recently filed grievance] Complaint[,]" (*id.* at 3), and ultimately "leaped on [Plaintiff's] backside[,] placing [Plaintiff] in a choke hold from behind[,] and using his body weight to tackle [Plaintiff] . . . [such that it] twist[ed] and damage[ed] [Plaintiff's] medial collateral ligament . . . in [his] right knee[,]" (*id.* at 4). This is factually sufficient to survive the Court's *sua sponte* screening.

Accordingly, the Court will direct the U.S. Marshal, on Plaintiff's behalf, to effect service upon the remaining Defendant. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## II. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Defendants California Department of Corrections and Centinela State Prison as parties to this case based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon the named Defendant Hernandez and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve this Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7. **ORDERS** the named and served Defendant to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ.

1  L.R. 5.2. Any document received by the Court which has not been properly filed with the
2  Clerk or which fails to include a Certificate of Service upon Defendants may be
3  disregarded.

4  **IT IS SO ORDERED.**

5  Dated: August 1, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge