17 NOV 29 PM 12: 22

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL STARKEY,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD HERNANDEZ, et al.,<br><br>    Defendants. | Case No.: 3:17-cv-01158-JLS-KSC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 12] |

Plaintiff Adam M. Starkey, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Before this Court is Plaintiff's Motion for Appointment of Counsel. [Doc. No. 12]. Plaintiff asks the Court to appoint counsel for him because, *inter alia*, he "is unable to afford counsel[,. . .] has limited access to the prison's law library and limited knowledge of the law." [*Id.*, at pp. 1-2.] Plaintiff further contends that his "imprisonment will greatly limit his ability to litigate [because] the issues involved in this case are complex and will require significant research and investigation." [*Id.*] Lastly, Plaintiff asserts that "a trial in this case [would] likely involve conflicting testimony and counsel would better enable [him] to present evidence and cross examine witnesses." [*Id.*] For the reasons set forth below, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

## DISCUSSION

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). District Courts have discretion, however, pursuant to 28 U.S.C § 1915(c)(1) to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before making a decision." *Terrell*, 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, there is nothing to support a finding of exceptional circumstances. First, plaintiff has not addressed the likelihood of success on the merits. Nor is a likelihood of success evident from the face of the Complaint. [Doc. No. 1].

Second, in support of his Motion, plaintiff contends that he has limited access to the prison law library. [Doc. No. 12, at p. 2]. While plaitniff asserts that the constraint on his access to research material limits his ability to adequately present the issues raised in his Complaint, the hardships he presents are no different than those encountered by all incarcerated litigants, and importantly do not qualify as exceptional circumstances.

Third, plaintiff asserts that his case is complex and that "a trial in this case would most likely involve conflicting testimony. . ." [*Id.*]. The allegations contained in the Complaint are not complex. Plaintiff alleges that defendant violated his Due Process right against cruel and unusual punishment under the Eigth and Fourteenth Amendment [Doc. No. 1, at p. 5]. The hardships associated with litigating plaintiff's case are shared by all incarcerated litigants lacking legal expertise. Regardless, there is nothing from which this Court could conclude plaintiff lacks the ability to articulate and litigate his claims. He has filed several documents with the Court that are organized, presenting his arguments with reasonable efficiency and clarity. [*See, e.g.*, Doc. No. 1, Complaint].

|   |   |
|---|---|
| 1 | Finally, litigants proceeding *pro se* are generally afforded some leniency to |
| 2 | compensate for their lack of legal training. Indeed, "[i]n civil rights cases where the |
| 3 | plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford |
| 4 | plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) |
| 5 | (internal citation omitted). This also applies to motions. *Bernhardt v Los Angeles County*, |
| 6 | 339 F.3d 920, 925 (9th Cir. 2003). |
| 7 | Consequently, Plaintiff's Motion for Appointment of Counsel [Doc. No. 12] is |
| 8 | **DENIED** without prejudice. |
| 9 | **IT IS SO ORDERED.** |
| 10 | Dated: November 25, 2017 |
| 12 | Hon. Karen S. Crawford |
|   | United States Magistrate Judge |