UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL STARKEY,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD HERNANDEZ,<br><br>    Defendant. | Case No.: 3:17-cv-01158-JLS-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TAKE DEPOSITION OF DEFENDANT EDWARD HERNANDEZ AND C.S.P ASSOCIATE WARDEN S. MCCLAIN**<br><br>**[Doc. No. 23]** |

This action was filed by plaintiff Adam M. Starkey, a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Before this Court is plaintiff's Motion to Take Deposition of Defendant Edward Hernandez and C.S.P. Associate Warden S. McClain. [Doc. No. 23]. Defendants filed a Non-Opposition to Plaintiff's Motion. [Doc. No. 24]. For the reasons set forth below, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

## **DISCUSSION**

Prisoners proceeding *pro se* and *in forma pauperis* in an action under 42 U.S.C. § 1983 may use any of the discovery methods set forth in the Federal Rules of Civil Procedure. Because a prisoner is proceeding *in forma pauperis* does not obligate the government to advance funds for them to take a deposition. *Doe v. United States*, 112

1

F.R.D. 183, 184-85 (S.D.N.Y. 1986). The following excerpt by Judge Enslen in *Coates v. Kafczyski,* 2006 WL 416244, *2-3 (W.D. Mic., 2006) is instructive:

> Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); [. . .] *Toliver v. Cmty. Action Comm'n to Help the Econ.,* 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.').
>
> The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions. Instead, plaintiff may conduct his discovery by means of written interrogatories. *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, * 1 (N.D. Ill. June 26, 1996); *see also Belle v. Crawford*, No. CIV. A. 91–8013, 1993 WL 59291, *8 (E.D. Pa. Mar. 8, 1993) ('A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the *in forma pauperis* statute . . ., likewise does not require the Government to advance funds for deposition expenses.') (other citations omitted).

Here, plaintiff seeks to depose both Edward Hernandez and C.S.P. Associate Warden S. McClain. [Doc. No. 23]. Nowhere in his Motion does plaintiff state whether he is aware that he must pay for the costs of the depositions, or that he is capable of doing so. This Court is not authorized to advance funds for deposition expenses. *Doe* at 184-85. While the Court understands that plaintiff might prefer to conduct depositions, he can proceed with discovery by other means, such as written interrogatories, requests for

production, or requests for admission. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (a *pro se* prisoner may not have the means to conduct discovery such as taking depositions, but she is entitled to an opportunity to serve interrogatories or request documents); Fed. R. Civ. P. 33 (a party can serve on any other party no more than twenty-five written interrogatories, including all discrete subparts); Fed. R. Civ. P. 34 (a party can seek documents and other real objects from parties and non-parties); Fed. R. Civ. P. 36 (a party can require other parties to admit or deny the truth of certain statements). Accordingly, the Court **GRANTS** plaintiff **FOURTEEN (14) court days** from the date of this Order to file proof of available funds to depose defendant Edward Hernandez. At that time, the Court will evaluate whether to approve plaintiff's request.

As for plaintiff's request to depose Associate Warden McClain, there are compelling reasons not to permit the oral deposition of high-ranking prison officials because of safety concerns and the potential for disruption of prison administration. *Pickens v. Lewis*, No. 1:15-CV-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017); *Bell v. Godinez*, No. 92 C 8447, 1995 WL 519970, at *2 (N.D. Ill. Aug. 30, 1995) (potential for disruption more likely given the large number of prisoner suits pending against senior prison officials). Accordingly, plaintiff's request for an oral deposition of C.S.P. Associate Warden S. McClain is **DENIED**. Plaintiff may proceed with written discovery to obtain the information he seeks. If written discovery proves insufficient, the Court may reconsider its ruling in a future motion.

///
///
///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that plaintiff shall file proof of the financial means necessary to pay for the deposition of defendant Edward Hernandez within **fourteen (14)** days of the date of this order. If plaintiff does not file such proof within this time frame, the Court will assume that he lacks sufficient funds to pay for a deposition and the associated costs. In that case, he may proceed to engage in written discovery as described in this Order.

IT IS FURTHER ORDERED that plaintiff's request for an oral deposition of C.S.P. Associate Warden S. McClain is **DENIED.**

IT IS FURTHER ORDERED that this Court's prior Scheduling Order [Doc. No. 17] is **AMENDED** to permit plaintiff the additional time to complete factual discovery. The renewed fact discovery cut-off date is **August 10, 2018**. Plaintiff is cautioned that all written discovery must be completed in a timely manner so that defendant may respond before the August 10, 2018 deadline.

IT IS SO ORDERED.

Dated: May 31, 2018

Hon. Karen S. Crawford
United States Magistrate Judge