UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL STARKEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD HERNANDEZ,<br><br>　　　　　　Defendant. | Case No.: 3:17-cv-01158-JLS-KSC<br><br>**Order (1) Denying Plaintiff's Motion for Appointment of Counsel and (2) Denying Plaintiff's Motion to Compel Discovery [Doc. No. 28]** |

## I. INTRODUCTION

Plaintiff Adam M. Starkey, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is a Motion filed by plaintiff, in which he requests (1) the Court compel defendant to produce certain documents; and, (2) that counsel be appointed to assist him in the prosecution of his case. [Doc. No. 28.] With respect to the Motion to Compel, plaintiff seeks production of the full personnel records of defendant, a transcript of the May 17, 2016, classification committee meeting, a blueprint to C.S.P. building 4, and plaintiff's own medical records. [*Id.*] Defendant filed an Opposition to the Motion asserting, *inter alia*, that plaintiff's requests are overbroad and raise security concerns. [Doc. No. 30.] Plaintiff then filed a Reply [Doc. No. 31] narrowing his requests, and after the issuance of an Order from the

1

Court [Doc. No. 32], defendant filed supplemental briefing to address plaintiff's narrowed discovery requests [Doc. No. 33].

## II. BACKGROUND

Plaintiff alleges defendant attacked him after he filed an inmate appeal against defendant. Plaintiff asserts that defendant violated the Eighth Amendment's protection against excessive force, and is also liable under state law for assault.

### A. Plaintiff's Motion for Appointment of Counsel

Plaintiff requests counsel be appointed on his behalf because he is indigent, has limited knowledge of the law and access to legal authorities, and needs assistance with discovery and amending his Complaint. [Doc. No. 28, p. 6.] This Court has twice previously considered requests by plaintiff for appointment of counsel on similar grounds. [Doc. No. 9, 12.] With the exception of plaintiff's argument that counsel is needed to help him in amending his Complaint, he offers no new basis to support his request. [Doc. No. 28.] There is no information from which this Court could conclude plaintiff lacks the ability to seek leave to amend his Complaint or articulate his claims. The hardships plaintiff faces are shared by all incarcerated litigants lacking legal expertise. Accordingly, for the reasons set forth in the Court's prior Orders denying plaintiff's earlier filed Motions for Appointment of Counsel [Doc. No. 13, 16], the Court **DENIES** plaintiff's current Motion for Appointment of Counsel without prejudice.

### B. Plaintiff's Motion to Compel Discovery

Plaintiff's Motion to Compel seeks an order requiring defendant to produce certain documents. [Doc. No. 28.] For the reasons set forth below, the Court **DENIES** plaintiff's Motion to Compel.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is entitled to seek discovery of any non-privileged matter that is relevant to his or her claims and proportional to the needs of the case.

Plaintiff's narrowed discovery requests are as follows:

1. CDCR Personnel records of defendant.

a. Employment history of when and where defendant was hired.
                    b. When and what posts/assignments he has served.
                    c. Disciplinary history including all grievances, staff complaints, and actions taken by CDCR to discipline him.
            2. All records of statements via the word by word transcript of everything that was said during the May 17, 2016, classification committee.
            3. Photographs of the crime scene showing size and measurements of counselor's office and dayroom.
            4. All medical records regarding the assault and treatment of injuries by CDCR medical staff. [Doc. No. 31 at 1-2].

Plaintiff argues that "[a]ll requested documents . . . are relevant to the litigation as they will be used in the trial proceedings . . . to prove the case . . . ." [Doc. No. 28 at 2.] Plaintiff does not articulate why these documents are relevant in either his original Motion to Compel discovery [Doc. No. 28], or in his Reply brief [Doc. No. 31].

**1. The CDCR Personnel Records of Defendant**

Plaintiff seeks the personnel records of defendant, including his employment history, post assignments, and disciplinary history. [Doc. No. 31.] Plaintiff cites *Beach v. City of Olathe, Kansas,* 203 F.R.D. 489 (D. Kan. 2001) and *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y. 1988) for the proposition that defendant possesses the burden of identifying a specific privilege to prevent the discovery of otherwise relevant confidential information. [Doc. No. 28.] Defendant has asserted both privacy, and the qualified official information privilege, as bases to preclude the production of these documents. [Doc. No. 33 at 4-7.]

When a party objects to a discovery request, it is the burden of the party moving to compel to demonstrate why the objection is not justified. *See Lemons v. Camarillo*, 2017 WL 4700074, at *1 (S.D. Cal. Oct. 18, 2017); *Glass v. Beer*, 2007 WL 913876, at *1 (E.D. Cal Mar. 23, 2007). As the moving party, plaintiff has the burden of informing the Court why the information he seeks is relevant and proportional to the needs of the case and why

defendant's privacy privilege-based objections are not justified. *Id*; *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Defendant cites California Penal Code § 832.7, the California Police Officer's Bill of Rights, and the procedures set forth in California Evidence Code §§ 1043 and 1045 as the bases for withholding his personnel records. [Doc. No 30 at 4.] "With respect to the disclosure of police files, courts have recognized that privacy interests are not inconsequential." *Kassab v. San Diego Police Dep't,* No. 07-cv-1071, 2008 U.S. Dist. LEXIS 72619, *8 (S.D. Cal. Sept. 19, 2008) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). Federal courts generally give some weight to state privacy rights and balance the privacy interest against the relevance of the information sought. *Kelly,* 114 F.R.D. at 660. Here, defendant is relying on the above state codes to object to plaintiff's discovery request on the basis of privacy and confidentiality. Plaintiff, however, has not indicated how defendant's personnel file is relevant to his claims. Consequently, the Court is has no articulated relevancy to balance against defendant's asserted privacy privilege. Thus, the asserted privacy privilege protects defendant's personnel records from production.

To trigger the official information privilege under *Kelly*,

> an official within the agency must provide an affidavit which states (1) the agency has maintained the material at issue as confidential; (2) the official making the declaration has personally reviewed the information in question; (3) a description of the governmental interest that would be affected; (4) a description of how disclosure subject to a protective order would create a substantial risk of harm to the government interest; and (5) a projection of how much harm would be done if the disclosure was made. *Kelly*, 114 F.R.D. at 669-70.

[Doc. No. 33 at 7.] Defendant's Declaration of N. Telles meets these general requirements. [Doc. No. 30.] In his Declaration, Mr. Telles states that he is personally familiar with the information and that the information is regarded as confidential, and describes the various security risks (risk of harm) associated with disclosing this information to a prisoner. [Doc. No. 30.]

Once the privilege is established, a party seeking discovery must show that the need for the information sought outweighs the safety and procedural issues the official information privilege is designed to protect. The Court in *Kelly* outlined a non-exhaustive list of factors that courts may consider when conducting this balancing analysis:

> (1) [t]he extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) [t]he impact upon persons who have given information of having their identities disclosed; (3) [t]he degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) [w]hether the information sought is factual data or evaluative summary; (5) [w]hether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) [w]hether the police investigation has been completed; (7) [w]hether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) [w]hether the plaintiff's suit is non-frivolous and brought in good faith; (9) [w]hether the information sought is available through other discovery or from other sources; and (10) [t]he importance of the information sought to the plaintiffs case.

*Kelly*, 114 F.R.D. at 663. Applying these factors, plaintiff has failed to articulate why the records sought are specifically relevant to his case, and whether the declaration fails to meet the *Kelly* requirements. Accordingly, the Court must **DENY** his Motion to Compel the production of defendant's personnel records.

### 2. Transcripts of the classification committee hearing.

Plaintiff seeks a word-for-word transcript of the committee hearing. Defendant reports no such transcript exists, and defendant has already produced records related to the hearing. [Doc. No. 33, p.3.] Plaintiff cannot compel the production of a document which has never existed. Thus, the Court **DENIES** plaintiff's request to compel the production of the transcripts.

### 3. Photographs with measurements of counselor's office and dayroom.

Originally, plaintiff requested the blueprint to the whole prison building where, presumably, the counselor's office is located. [Doc. No. 28.] Defendant raised security issues with allowing a prisoner to have access to the prison's blueprints. [Doc. No. 30.] Plaintiff thereafter narrowed his request to photographs with measurements of the room where plaintiff alleges the assault occurred. However, plaintiff does not articulate *how*

5

these photographs are relevant. And, as defendant pointed out, no photographs with measurements of the counselor's office currently exist. Thus, the Court **DENIES** plaintiff's request to compel the production of photographs with measurements of the counselor's office and dayroom.

### 4. Plaintiff's medical records.

Plaintiff has requested defendant provide plaintiff with his medical records. [Doc. No. 28.] Defendant has already provided plaintiff with his complete medical record. Therefore, this request is **DENIED** as moot.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED**:

1. Plaintiff's Motion Requesting Appointment of Counsel is **DENIED** without prejudice.
2. Plaintiff's Motion to Compel: (1) the CDCR personnel records of defendant; (2) the transcripts of the classification committee hearing; (3) Plaintiff's medical records; and, (4) photographs with measurements of counselor's office and dayroom is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: November 21, 2018

Hon. Karen S. Crawford
United States Magistrate Judge